**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTIAN W. SANDVIG *et al.*,<br><br>                                   Plaintiffs,<br><br>v.<br><br>JEFFERSON SESSIONS, in his official<br>    capacity as  Attorney General of the<br>    United States,<br><br>                                   Defendant. | Case No. 1:16-cv-1368 (JDB) |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs' counsel write to respectfully advise the Court of a pertinent decision rendered after the October 7, 2016 filing of Plaintiffs' Opposition to the Defendant's Motion to Dismiss, ECF No. 13. Judge Edward M. Chen of the U.S. District Court for the Northern District of California recently issued an opinion in *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 17-CV-03301-EMC, 2017 WL 3473663 (N.D. Cal. Aug. 14, 2017), *appeal docketed*, No. 17-16783 (9th Cir. Sept. 6, 2017), relevant to a central issue in this case.

Plaintiffs here have challenged a provision of the Computer Fraud and Abuse Act ("CFAA") which applies criminal sanctions to any accessing of a protected computer in a manner that "exceeds authorized access," 18 U.S.C. § 1030(a)(2)(C) (the "Challenged Provision"), and which Defendants have interpreted to include any violation of a website's terms of service. In *hiQ*, Plaintiff hiQ Labs, Inc. sought a preliminary injunction that would prevent LinkedIn from terminating hiQ's collection of publicly available information from LinkedIn user

profiles, an action LinkedIn alleged violated its User Agreement. Judge Chen's decision rejected LinkedIn's argument that the Challenged Provision of the CFAA applied to a violation of website terms of service and entered a preliminary injunction. Judge Chen viewed the "sweeping consequences" that would result from this broad interpretation of the Challenged Provision as "well beyond anything Congress could have contemplated." *hiQ Labs, Inc.* at 11. Under such an interpretation,

> ". . . a website would be free to revoke 'authorization' with respect to any person, at any time, for any reason, and invoke the CFAA for enforcement, potentially subjecting an Internet user to criminal, as well as civil, liability. . . . Website owners could, for example, block access by individuals or groups on the basis of race or gender discrimination. Political campaigns could block selected news media, or supporters of rival candidates, from accessing their websites." *Id.* at 6.

Judge Chen additionally noted that this broad interpretation of the CFAA could, in the criminal context, violate the First Amendment, as "the act of viewing a publicly accessible website is likely protected by the First Amendment." *Id.* at 9 n.12 (citing cases).

Dated: September 8, 2017

Respectfully submitted,

/s/ *Esha Bhandari*
Esha Bhandari
Rachel Goodman
American Civil Liberties Union
  Foundation
125 Broad St., 18th Floor
New York, NY 10004
Tel: 212-549-2500
Fax: 212-549-2654
ebhandari@aclu.org
rgoodman@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union
  of the District of Columbia
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008
Tel: 202-457-0800

Fax: 202-457-0805
aspitzer@acludc.org
smichelman@acludc.org


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 8, 2017, I caused a copy of this Notice of Supplemental Authority to be filed electronically and that this document is available for viewing and downloading from the ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Esha Bhandari*

Esha Bhandari