**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTIAN W. SANDVIG *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFERSON B. SESSIONS, III, in his official capacity as Attorney General of the United States, <br><br> Defendant. | Case No. 1:16-cv-1368 (JDB) |

**PLAINTIFFS' PROPOSAL FOR FURTHER PROCEEDINGS**

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 16.3, and this Court's Minute Order of June 8, 2018, Plaintiffs file this proposal for further proceedings. The parties have agreed to file separate proposals.

**I.     Statement of the Case**

Plaintiffs filed this lawsuit in June 2016 challenging the constitutionality of a provision of the Computer Fraud and Abuse Act ("CFAA") that prohibits accessing a protected computer in a manner that "exceeds authorized access." *See* 18 U.S.C. § 1030(a)(2)(C) (the "Challenged Provision"). *See* ECF No. 1. The Challenged Provision prohibits and chills academics, researchers, and journalists from testing for discrimination on the Internet. The Defendant Attorney General of the United States, sued in his official capacity, filed a Motion to Dismiss the Plaintiffs' claims in June 2016. *See* ECF No. 10. This Court granted in part and denied in part the Defendant's Motion to Dismiss in a Memorandum Opinion and Order on March 30, 2018. *See* ECF Nos. 23, 24.

Per this Court's Memorandum Opinion, Plaintiffs Christo Wilson and Alan Mislove have plausibly stated a claim that the Challenged Provision would prohibit their "plan to 'create profiles containing false information,' and 'access websites using artificial tester profiles, in violation of [ToS] that prohibit providing false information," and therefore violate the First Amendment. *See* ECF No. 24 at 37–38 (internal citations omitted).

This Court granted the parties' joint motions to continue the status conference and for an extension of time to file joint or separate proposals as to how the case should proceed, in order to engage in efforts to resolve the matter through settlement. *See* ECF Nos. 27, 28 and Minute Orders of May 10, 2018 and June 8, 2018. Despite good-faith efforts on both sides, the parties were unable to reach agreement on a settlement, and Plaintiffs hereby file this Proposal for Further Proceedings pursuant to the Court's June 8, 2018 Minute Order.

## II.     Plaintiffs' Position on Discovery and Motion Schedule

It is Plaintiffs' position that discovery is unnecessary in this case, and therefore the Plaintiffs wish to proceed directly to filing a Motion for Summary Judgment. In order to resolve the Plaintiffs' as-applied claim, the Court need consider only questions of law and undisputed fact. The Plaintiffs' Complaint seeks declaratory and injunctive relief enabling them to engage in future testing of websites free from the risk of prosecution under the Challenged Provision. This Court, in its Memorandum Opinion, held that intermediate scrutiny applies, and that the government must satisfy the requirement of narrow tailoring of the Challenged Provision to its interests. ECF No. 24 at 37. This Court also noted that, "[a]t this early stage, the government has not put forward any evidence to show that prosecuting those who provide false information when creating accounts, without more, would advance its interest in preventing digital theft or

trespass" and that "presuming the allegations in the complaint to be true, it appears that the government's interest 'is not implicated on these facts'" at all. *Id.*

Plaintiffs require no discovery and intend to seek summary judgment on the grounds that the Challenged Provision cannot satisfy intermediate scrutiny as applied to the remaining Plaintiffs' research plans. Plaintiffs seek to enjoin the Defendant from enforcing the Challenged Provision as applied to the First Amendment-protected activities described in the Complaint, which they have defined to be only those done without "the intent to cause harm to any target websites' operations" or where "any harm that may result is de minimis." ECF No. 1 ¶ 184. Accordingly, Plaintiffs' position is that the Defendant requires no discovery because the government's interest in preventing digital theft or trespass "is not implicated . . . at all" when the conduct is defined to exclude fraud or material harm, and involves only "viewing information that a website makes available to anyone who chooses to create a username and password," *see* ECF No. 24 at 37–38. Given that Plaintiffs seek pre-enforcement, injunctive relief to protect research activities, including activities *which they have not yet undertaken*, no facts in Plaintiffs' possession can be necessary to the Defendant here.

Nor does the remaining claim turn on the specific terms of service of identified websites—Plaintiffs seek injunctive and declaratory relief that the Challenged Provision cannot be enforced *when* they test a website with terms of service prohibiting them from providing false information. Plaintiffs cannot identify in advance all such websites that they may wish to test, nor what their terms of service may be on any future date. To the extent the Defendant claims a need for specifically identified terms of service, the Plaintiffs have offered to stipulate to existing website terms of service that prohibit providing false information as exemplars. Plaintiffs cannot be required to disclose to Defendant in advance the precise and exhaustive list of websites they

plan to test; first, because they do not know at this time all the websites they may seek to test, and second, because their tests could become scientifically invalid if those websites learn of Plaintiffs' intentions through third-party discovery or otherwise.

Finally, to the extent Defendant seeks discovery regarding Plaintiffs' injury, that injury is already clear as a matter of law: because (as the Court has already held) there is a credible threat of prosecution, Plaintiffs are chilled from conducting the research they wish to conduct. *See* ECF No. 24 at 21–23.

### III.   Proposed Schedule

Although Plaintiffs maintain that no discovery is necessary in this case, should the Court order discovery, the Plaintiffs propose a 90-day discovery period. The Plaintiffs also propose that the initial disclosures required under Fed. R. Civ. P. 26(a) be due seven days after the entry of this Court's scheduling order. Plaintiffs contend that this abbreviated discovery period is appropriate given that there are only two Plaintiffs remaining with claims and given the lack of need for extensive factual development.

Accordingly, should the Court not order discovery, Plaintiffs propose the following schedule:

– Plaintiffs will file their motion for summary judgment by August 7.

– Defendants will oppose by September 7.

- Plaintiffs will reply by September 21.

Alternatively, should the Court order discovery, Plaintiffs propose the following schedule:

- Rule 26(a) initial disclosures: 7 days after entry of scheduling order
- Close of Discovery: 90 days after entry of scheduling order

- Briefing on Plaintiffs' motion for summary judgment:

    o Plaintiffs' motion for summary judgment: 30 days after close of discovery

    o Defendant's response: 30 days after Plaintiffs file motion for summary judgment

    o Plaintiffs' reply: 15 days after Defendant's response

Dated: July 9, 2018                Respectfully submitted,

/s/ *Esha Bhandari*
Esha Bhandari
Rachel Goodman
American Civil Liberties Union
  Foundation
125 Broad St., 18th Floor
New York, NY 10004
Tel: 212-549-2500
Fax: 212-549-2654
ebhandari@aclu.org
rgoodman@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
aspitzer@acludc.org
Scott Michelman (D.C. Bar No. 1006945)
smichelman@acludc.org
American Civil Liberties Union
  of the Nation's Capital
915 15th Street, N.W., Second Floor
Washington, D.C. 20005
Tel: 202-457-0800
Fax: 202-457-0805

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on July 9, 2018, I caused a copy of the foregoing to be filed electronically through the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Esha Bhandari*

Esha Bhandari

*Attorney for Plaintiff*