IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN SANDVIG, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>JEFFERSON B. SESSIONS, III, in his official capacity as Attorney General of the United States,<br><br>        Defendant. | Case No. 1:16-cv-1368 (JDB) |

**DEFENDANT'S STATEMENT AND PROPOSAL**
**REGARDING FURTHER PROCEEDINGS**

Pursuant to the Court's Order of March 30, 2018, *see* ECF No. 23, and the Court's Minute Orders of May 10, 2018 and June 8, 2018, the parties have agreed to file separate statements regarding proposed further proceedings in this case. Defendant respectfully sets forth herein his proposal that he be permitted to take discovery as described below over a six-month period, followed by the parties filing cross-motions for summary judgment.

**Procedural History**

1.      On June 29, 2016, Plaintiffs filed this case challenging the constitutionality of a provision of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C), under the First and Fifth Amendments to the United States Constitution.

2.      On September 9, 2016, Defendant moved to dismiss the Complaint for lack of jurisdiction and failure to state a claim on which relief can be granted. *See* ECF No. 10.

3.      On March 30, 2018, the Court issued a Memorandum Opinion granting-in-part and denying-in-part Defendant's Motion to Dismiss. *See* ECF No. 24 (hereafter "MTD Op."). In that

Opinion, the Court construed the scope of the CFAA's challenged provision, and concluded that "most of plaintiffs' proposed activities fall outside the CFAA's reach," but that two plaintiffs had alleged activity that would fall within the CFAA's challenged provision: "Out of plaintiffs' proposed activities, then, only Mislove and Wilson's plan to create fictitious user accounts on employment sites would violate the CFAA." *Id.* at 32.  The Court then held that all of plaintiffs' claims should be dismissed, except for a First Amendment claim that the CFAA's challenged provision is unconstitutional as applied to Mislove and Wilson's plan to create false profiles and access information on employment websites using those false profiles.  *See id.* at 37-38.

4. In the Court's Order accompanying its memorandum opinion, the Court directed the parties to meet and confer and "thereafter submit to the Court either joint or separate proposals as to how the case should proceed, along with proposed schedules for any discovery or summary judgment briefing."  ECF No. 23.

5. The parties twice filed joint motions to extend the deadlines for submitting those proposals, in order to discuss possible resolution of the case through settlement.  *See* ECF Nos. 27, 28.  The parties' settlement efforts have not been successful and both sides agree that it is now appropriate to move to the next stage of litigation.

6. As stated in those joint motions, the parties disagree as to how the case should move forward:  Plaintiffs propose to proceed directly to summary judgment, while Defendant proposes a short period of discovery followed by cross-motions for summary judgment.  *See* ECF No. 27, ¶ 1; ECF No. 28, ¶ 2.  Accordingly, the parties have agreed to submit separate statements regarding their respective proposals.

**Defendant's Need for Discovery**

7. Defendant respectfully submits that it would be inappropriate to proceed immediately with summary-judgment briefing as Plaintiffs suggest. There are substantial factual issues that warrant further development and clarification, and therefore discovery is necessary to allow Defendant to explore and present its full defenses to Plaintiffs' remaining claim.

8. In general, "summary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" *Convertino v. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). Thus, when a party requests an opportunity to conduct additional discovery, that request "should be granted almost as a matter of course unless the . . . party has not diligently pursued discovery of the evidence." *Convertino*, 684 F.3d at 99; *cf.* Fed. R. Civ. P. 56(d) (authorizing a court to deny a motion for summary judgment to allow a party to take discovery, when the party demonstrates that "it cannot present facts essential to justify its opposition").

9. Here, the parties have not yet conducted any discovery. Thus, allowing time for such discovery is consistent with the Federal Rules of Civil Procedure as well as the overall posture of this case. *Cf. Richie v. Vilsack*, 287 F.R.D. 103, 105 (D.D.C. 2012) (Bates, J.) (denying a motion for summary judgment as premature because "the parties have had no opportunity, let alone a full opportunity, to conduct discovery"). Although Defendant has previously submitted a small number of documents in support of its defenses, *see, e.g.*, ECF Nos. 15-1, 21-1, as this Court has previously recognized, "the opportunity to *present* evidence" is no substitute for "the ability to compel the production of evidence from other parties or non-parties." *Fed. Energy Regulatory Comm'n v. City Power Mktg., LLC*, 235 F. Supp. 3d 152, 155-56 (D.D.C. 2017) (Bates, J.).

10. To demonstrate the necessity of discovery in this case, set forth below is a non-exhaustive list of topics on which Defendant believes discovery is warranted in order to fully explore and present its potential defenses:

a. **Plaintiff's Alleged Injury.** As the Court acknowledged in its memorandum opinion, a plaintiff's burden to establish standing is different at the summary-judgment stage than at the pleading stage. *See* MTD Op. at 19 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Thus, even though the Court concluded that plaintiffs had plausibly alleged a credible threat of prosecution sufficient to survive a motion to dismiss, Defendant should be entitled to probe the actual facts supporting those allegations in order to test Plaintiffs' standing at this subsequent stage of the litigation. *Cf. United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 142 F. Supp. 3d 37, 44 (D.D.C. 2015) (Harvey, M.J.) ("Claimant argues that there is already ample evidence in the record that he has standing. Yet, under the broad scope of discovery embodied in Rule 26, the government is permitted to take further discovery on this issue to contest Claimant's evidence."), *aff'd*, 234 F. Supp. 3d 115 (D.D.C. 2017).

b. **The Specific Websites Plaintiffs Intend to Access, and the Specific Terms of Service (ToS) They Intend to Violate.** Defendant believes discovery is necessary to determine the scope of the remaining plaintiffs' (Mislove and Wilson's) intended research. Specifically, Defendant intends to seek discovery regarding the particular websites that Mislove and Wilson intend to access for their research, and which particular ToS on those websites that Mislove and Wilson intend to violate. Although the Complaint identifies "ten commonly-visited employment websites," Compl. (ECF No. 1) ¶ 71, nowhere does the Complaint identify exactly which employment websites Mislove and Wilson intend to access, or what provisions of those websites' ToS will be violated by Mislove and Wilson's research. *Cf.* Def.'s Answer (ECF No. 26)

¶¶ 70-71, 124 (noting that websites differ as to their ToS, that not all websites prohibit all types of false information, and that not all websites condition authorization to access the site on compliance with their ToS).

Knowing the exact websites Plaintiffs intend to access is necessary to evaluating Plaintiffs' standing. For example, if the websites Plaintiffs intend to access do not actually prohibit creating false user accounts, Plaintiffs may not have standing to pursue their claims under this Court's interpretation of the CFAA's challenged provision. *See* MTD Op. at 31-33. These facts are also necessary to evaluating the merits of Plaintiffs' as-applied First Amendment claim—*e.g.*, understanding the legitimate government interests that are furthered by allowing particular websites to prohibit the creation of false accounts. *See* MTD Op. at 37-38. Finally, to the extent Plaintiffs are unable or unwilling to provide a comprehensive list of the websites they intend to access or the ToS they intend to violate, those facts would also be relevant to evaluating whether Plaintiffs' pre-enforcement challenge is sufficiently ripe for resolution in its current posture—*i.e.*, whether Plaintiffs can obtain judicial relief now based on their desire to access hypothetical or unknown websites in the future.

        c.      **Plaintiffs' Research Methodologies, and Potential Alternatives.** Defendant also intends to seek discovery regarding Plaintiffs' intended research methodologies, the potential harms such methodologies may pose to third-parties, and any alternative channels that may exist that would permit Plaintiffs to pursue their research objectives without violating a particular website's ToS. Such discovery is relevant to the merits of Plaintiffs' as-applied First Amendment claim—*e.g.*, the "governmental interest" in applying the CFAA's challenged provision to Plaintiffs, the degree to which the challenged provision is "narrowly tailored" to serving that interest, and the availability of "alternative channels" for Plaintiffs' potential

activities.  *See* MTD Op. at 36 (discussing these elements in the context of intermediate scrutiny of the challenged provision).

Moreover, discovery regarding Plaintiffs' methodologies and how those methods interact with particular websites may also be relevant to defining the correct standard of review for Plaintiffs' First Amendment claim.  To the extent a website has gone beyond "placing contractual conditions on accounts that anyone can create," and Plaintiffs' methodologies would instead involve circumventing "code-based restrictions," then Plaintiffs' proposed activities would no longer be occurring in a public forum even under this Court's prior analysis.  *See* MTD Op. at 11.

              d.      **Potential Third-Party and/or Expert Discovery.**  Depending on the information obtained through the above discovery, Defendant may also seek to conduct third-party discovery, *e.g.*, from the private companies whose websites Plaintiffs intend to access.  Because those third-parties are the entities that created the contractual and/or code-based restrictions on access to their websites, those third-parties may have relevant information regarding the nature of those access restrictions, the harms caused by violations of those restrictions, and/or alternative channels available for Plaintiffs to access the third-parties' websites or information.  Until Defendant has more information from Plaintiffs regarding the particular websites they intend to access and the particular methodologies they intend to use in connection with their research, however, Defendant is unable to evaluate the need for potential third-party discovery.  Similarly, without that information Defendant also cannot evaluate the need for a potential expert witness— *e.g.*, to provide an opinion on the nature of the particular websites' access restrictions, the potential harms caused by Plaintiffs' circumvention of those restrictions, or on similar technical subjects relevant to Plaintiffs' First Amendment claim.

11. The above examples are intended to be illustrative but not necessarily exhaustive of the discovery that Defendant would seek.[1] The above topics amply demonstrate, however, why this case should proceed with Defendant being permitted to pursue discovery, rather than proceeding immediately with summary-judgment briefing as Plaintiffs suggest. Plaintiffs' approach would prejudice Defendant's ability to explore and present its full range of defenses, given the substantial number of factual issues that warrant further clarification and development.

### **Defendant's Proposed Discovery Period**

12. Defendant accordingly proposes a short discovery period in which it is permitted to seek discovery from Plaintiff and potentially from third parties, as discussed above. Defendant respectfully submits that a six-month discovery period would be appropriate given the needs of this case.[2]

13. Defendant intends to proceed expeditiously with discovery, but believes six months is the appropriate amount of time to allow for such discovery. Specifically, Defendant believes that six months would provide sufficient (but not excessive) time for the exchange of initial disclosures; two rounds of written discovery (Interrogatories and Requests for Production of Documents); depositions; potential third-party and/or expert witness discovery; serving one round

---

[1] Defendant respectfully submits that it would not be appropriate to limit the scope of discovery to only the above topics. While such a result may be appropriate in typical motion practice under Rule 56(d), here the parties are simply submitting separate statements regarding further proceedings, and Plaintiffs have not already filed a motion for summary judgment. Thus, unlike the typical Rule 56(d) movant, Defendant has not yet seen Plaintiffs' presentation of facts and law, and thus Defendant is not in a position to exhaustively catalogue the discovery it believes is necessary to respond to Plaintiffs' case.

[2] As noted, Plaintiffs' consistent position in this case has been that discovery is not necessary. *See* ¶ 6, *supra*. To the extent Plaintiffs change that position in the event Defendant is permitted to obtain discovery—and thus Plaintiffs would intend to seek discovery of their own from Defendant—Defendant reserves its right to seek a longer discovery period, accounting for any discovery that Plaintiffs would also seek to take.

of Requests for Admission to facilitate and clarify the issues prior to summary-judgment briefing; and then also building in sufficient time for the parties to meet-and-confer regarding any discovery disputes and, if necessary, to file any discovery-related motions. Defendant respectfully submits that this anticipated amount of discovery is appropriate to the needs of this case, especially given its technical complexity, and that a period of less than six months would be unduly compressed for completing the anticipated discovery.

14. To the extent Plaintiffs believe a period of six months would unduly delay resolution of this case, Defendant is amenable to a shorter discovery period to the extent Plaintiffs are willing to respond to Defendant's discovery (and produce Defendant's requested documents) in shorter time periods than what the Federal Rules otherwise provide—*e.g.*, within 21 days rather than 30 days for Interrogatories, Requests for Production of Documents, and Requests for Admission. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

15. Even if Plaintiffs are willing to agree to shortened deadlines for responding, however, Defendant respectfully submits that a period substantially shorter than six months—*i.e.*, only three months—would not provide sufficient time to explore the full range of factual issues potentially relevant to Plaintiffs' claim. In particular, three months of discovery would not provide Defendant with a meaningful opportunity to pursue potential third-party and/or expert discovery in light of the information obtained from Plaintiffs during discovery, especially because Defendant does not currently know the identities of those potential third-parties, or even the number of such third-parties for whom discovery may be appropriate. *See* ¶ 10(b), *supra*. Defendant believes it is critical to preserve the option of pursuing third-party discovery given the potential importance of the information in those third-parties' possession. *See* ¶ 10(d), *supra*. Moreover, a discovery period of only three months would provide limited amounts of time for the parties to meet-and-

confer regarding any discovery disputes between each round of discovery. An unduly compressed discovery period could therefore threaten to unnecessarily complicate these proceedings. Accordingly, Defendant respectfully submits that a six-month discovery period is the appropriate amount of time to ensure that this case unfolds in an expeditious but also efficient manner.

16. In accordance with the above, Defendant proposes the following schedule to govern discovery, based on a six-month discovery period beginning on July 16, 2018:

   a. July 30, 2018 – deadline for Plaintiffs to seek leave to amend their Complaint and/or join additional parties, and for the parties to exchange initial disclosures.

   b. December 5, 2018 – deadline for parties to disclose expert witnesses and reports.

   c. December 19, 2018 – deadline for parties to disclose any rebuttal expert witnesses and reports.

   d. January 16, 2019 – deadline for Defendant to complete discovery and to file any discovery-related motions.

   e. January 23, 2019 – deadline for the parties to file a joint status report confirming whether discovery has been completed, and proposing a briefing schedule for cross-motions for summary judgment.

17. Undersigned counsel for Defendant is available to discuss any of the above issues with the Court, at an in-person or telephonic status conference, to the extent the Court has questions or would find such discussion helpful in determining the appropriate next steps in this case.

Dated: July 9, 2018                                  Respectfully Submitted,

                                                     CHAD A. READLER
                                                     Acting Assistant Attorney General

                                                     JOHN R. TYLER
                                                     Assistant Branch Director

                                                     */s/   Daniel Schwei*
                                                     DANIEL SCHWEI
                                                     Senior Trial Counsel (N.Y. Bar)

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel.:    (202) 305-8693
Fax:    (202) 616-8470
Email:   daniel.s.schwei@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address:</u>
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendant*