**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHRISTIAN SANDVIG,
et al.,

              Plaintiffs,

    v.

Case No. 1:16-cv-1368 (JDB)

JEFFERSON B. SESSIONS, III, in his official
capacity as Attorney General of the United
States,

              Defendant.

**DEFENDANT'S MEMORANDUM SEEKING TO COMPEL PLAINTIFFS TO
RESPOND TO INTERROGATORY NUMBERS 3, 5, AND 6**

Pursuant to the Court's Minute Order of October 25, 2018, *see* ECF No. 37, Defendant respectfully requests that the Court compel Plaintiffs to provide complete responses to Interrogatory Nos. 3, 5, and 6, for the reasons sets forth herein as well as in the attached letters.[1]

These three Interrogatories collectively seek information related to websites' restrictions on access that Plaintiffs have circumvented, or intend to circumvent, in connection with their academic research, as well as the steps Plaintiffs have taken or will take to minimize any harms caused by their research. *See* Def.'s Interrogs. (Exh. 1) at 4-5. Plaintiffs have refused to provide complete responses for two reasons: first, they assert that restrictions on access unrelated to the creation of false accounts are irrelevant; and second, they assert that information related to their past research is protected by their Fifth Amendment privilege against self-incrimination. These objections are meritless.

## Argument

As a general rule, once a party demonstrates that information is discoverable, "[t]he burden then shifts to the non-moving party to explain why discovery should not be permitted." *Felder v. WMATA*, 153 F. Supp. 3d 221, 224 (D.D.C. 2015). Additionally, the burden for invoking a privilege rests with the withholding party. *Id.* Here, the requested information is not only relevant but is critical, and any applicable privilege has been waived. Thus, Plaintiffs should be compelled to provide complete responses to Interrogatories Nos. 3, 5, and 6.

## I.   Restrictions on Access Unrelated to Creation of False Accounts

Plaintiffs have objected on relevance and overbreadth grounds to providing information about the restrictions on access that they have circumvented, or will circumvent, in connection with their research, except as to Terms of Service (ToS) prohibiting the creation of fictitious user accounts

---

[1] *See* Def.'s Interrogs. Nos. 3, 5, 6 (Exh. 1); Pls.' 2d Suppl. Resp. to Def.'s Interrogs. (Exh. 2); Def.'s 1st Ltr. of Sept. 11, 2018 (Exh. 3); Pls.' 1st Ltr. of Sept. 14, 2018 (Exh. 4); Def.'s 2d Ltr. of Oct. 15, 2018 (Exh. 5); Pls.' 2d Ltr. of Oct. 17, 2018 (Exh. 6). The first four exhibits have been redacted to eliminate irrelevant sections; Exhibit 2 has also been redacted consistent with the protective order entered in this case. *See* ECF No. 34.

and/or providing false information.  By refusing to provide information about *other* restrictions on access, however, Plaintiffs have deprived Defendant of information necessary to litigate this case.

Plaintiffs are certainly correct that the scope of their claim is now limited to ToS prohibiting the creation of false accounts and/or providing false information.  *See* Pls.' 1st Ltr (Exh. 4) at 1-2; Pls.' 2d Ltr. (Exh. 6) at 2.  The scope of Plaintiffs' claim, however, does not define the full universe of relevant information.  Here, Defendant's requested information—*i.e.*, about the full range of restrictions on access that Plaintiffs intend to circumvent—is relevant for at least three reasons.

*First*, such information is necessary for determining the appropriate First Amendment standard of review, at least under the framework articulated by the Court in its motion-to-dismiss opinion.  There, the Court held that "placing contractual conditions on accounts that anyone can create . . . does not remove a website from the First Amendment protections of the public Internet," but that "code-based restrictions . . . remove those protected portions of a site from the public forum."  ECF No. 24 at 11.  Thus, if Plaintiffs' contemplated research involved circumventing code-based restrictions on a website, that would change the First Amendment analysis—*i.e.*, the website would no longer be considered a "public forum" for First Amendment purposes.  In order to determine the correct First Amendment framework, therefore, Plaintiffs must disclose the full range of restrictions on access they intend to circumvent.  *See* Def.'s 2d Ltr. (Exh. 5) at 3.

*Second*, such information is also relevant to evaluating redressability.  Even assuming Plaintiffs have adequately established a genuine fear of prosecution under the Computer Fraud and Abuse Act (CFAA), if Plaintiffs are violating the CFAA in multiple ways—*e.g.*, not only by creating false accounts, but also circumventing code-based restrictions—then an injunction preventing prosecution as to only one theory of liability (creating false accounts) may not actually redress Plaintiffs' purported injury, because they would remain subject to prosecution for their other actions (circumventing code-based restrictions).  Thus, knowing the full range of Plaintiffs' actions is critical to evaluating the

redressability of their alleged injury.  *See* Def.'s 2d Ltr. (Exh. 5) at 2-3.

*Third*, Plaintiffs have alleged that their research will not cause any harm.  *See* Compl. (ECF No. 1) ¶ 4; *see also* MTD Op. (ECF No. 24) at 37-38.  In order to test that allegation, Defendant is entitled to know the full range of access restrictions that Plaintiffs have circumvented or will circumvent in connection with their research.  *See* Def.'s 2d Ltr. (Exh. 5) at 3.

In response, Plaintiffs have offered a stipulation "that Plaintiffs have received no communication from the federal government expressing any possibility of prosecution based on past ToS violations[.]"  Pls.' 2d Ltr. (Exh. 6) at 2.  That stipulation eliminates (in part) a fourth reason why the requested information would be relevant—*i.e.*, evaluating whether Plaintiffs do, in fact, face a genuine threat of prosecution based on their ToS violations.  *See* Def.'s 1st Ltr. (Exh. 3) at 3; Def.'s 2d Ltr. (Exh. 5) at 2.[2]  But that stipulation does not provide Defendant with any of the necessary information regarding the three areas of inquiry identified above.

Given the importance of this information to both Defendant's and the Court's ability to evaluate Plaintiffs' claim, the Court should overrule Plaintiffs' relevance and overbreadth objections and compel Plaintiffs to provide complete responses to Interrogatory Nos. 3, 5, and 6.

## II.     Fifth Amendment Privilege Against Self-Incrimination

Plaintiffs have likewise invoked their Fifth Amendment privilege against self-incrimination in connection with their past research and Interrogatory Nos. 3, 5, and 6.  *See* Pls.' 2d Ltr. (Exh. 6) at 2-3.  This objection should also be overruled.

Most fundamentally, Plaintiffs have waived their Fifth Amendment privilege by voluntarily testifying about the subjects covered by Interrogatory Nos. 3, 5, and 6.  *See* Def.'s 2d Ltr. (Exh. 5) at 4 (explaining how in response to each Interrogatory Plaintiffs have either described their past research

---

[2] Knowing the full range of restrictions on access would still be relevant to injury-in-fact because it would help Defendant evaluate whether a user's access to a website is in fact restricted by the website's ToS (as opposed to just being subject to termination if the user violates the ToS).

activities or incorporated the discussion of those activities from their published papers); *see also* Pls.' 2d Suppl. Resps. (Exh. 2) at 4-6; CHI 2018 Paper (Exh. 7) at PID0004-0006; CSCW 2017 Paper (Exh. 8) at PID0023-0025.  It is well-settled that a witness cannot "testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details," *Mitchell v. United States*, 526 U.S. 314, 321 (1999), and this rule applies even at the discovery phase.  *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 312 F.R.D. 16, 21 (D.D.C. 2015) (Harvey, M.J.).

Even if Plaintiffs could properly invoke the privilege, moreover, the appropriate result would then be sanctions against Plaintiffs given the civil nature of this case.  *See* Def.'s 2d Ltr. (Exh. 5) at 4-5.  The requested information is necessary to Defendant's ability to prepare its defense for many of the same reasons discussed above.  Thus, sanctions ranging from an adverse inference on each of the above topics, up to and including dismissal of Plaintiffs' claims, would be appropriate.  *See, e.g.*, *Latif v. Obama*, 666 F.3d 746, 758-59 (D.C. Cir. 2011); *Serafino v. Hasbro, Inc.*, 82 F.3d 515, 519 (1st Cir. 1996).[3]

Plaintiffs' response on this issue is to emphasize that they are asserting the Fifth Amendment privilege only as to their *past* conduct, not future research.  *See* Pls.' 1st Ltr. (Exh. 4) at 2-3.  But relevance of the requested information is not part of the waiver analysis, and in any event their past conduct is indeed relevant.  For one thing, that past conduct is still at issue because presumably the prospective relief Plaintiffs seek would prevent prosecution as to that past conduct as well.  Indeed, Plaintiffs have made clear that they intend to rely on their past conduct to support their claims.  *See* Def.'s 2d Ltr. (Exh. 5) at 4.  At a minimum, understanding how Plaintiffs conducted their past research provides helpful context for understanding how Plaintiffs will conduct their future research, and thus the information is discoverable and important to resolution of Plaintiffs' as-applied claim.

The Court should thus compel Plaintiffs to provide complete responses to the Interrogatories.

---

[3] Should the Court uphold Plaintiffs' invocation of the privilege, Defendant respectfully requests the opportunity to submit further briefing on the appropriate sanction.

Dated:  October 25, 2018

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

*/s/ Daniel Schwei*
DANIEL SCHWEI
Senior Trial Counsel (N.Y. Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.:      (202) 305-8693
Fax:      (202) 616-8460
Email:   daniel.s.schwei@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
1100 L Street NW
Washington, D.C. 20005

*Counsel for Defendant*