UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTIAN W. SANDVIG, et al.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**JEFFERSON B. SESSIONS III, in his official capacity as Attorney General of the United States,**<br><br>　　Defendant. | Civil Action No. 16-1368 (JDB) |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

　　Upon consideration of [42] the parties' joint motion for a protective order, and the entire record herein, it is hereby

　　**ORDERED** that [42] the motion for a protective order is **GRANTED**, as follows:

1. This Protective Order shall govern any document, testimony, or other material used in this litigation that contains Sensitive Company Information.

2. For purposes of this Protective Order, the phrase **Sensitive Company Information** shall be defined as any sensitive, non-public information related to a third-party company, provided to either or both of the parties in this litigation by that third-party company, the public disclosure of which would be harmful to the third-party company. The phrase **Sensitive Company Information** includes, but is not necessarily limited to, the types of information described in Fed. R. Civ. P. 26(c)(1)(G) and 45(d)(3)(B)(i)—*i.e.*, "a trade secret or other confidential research, development, or commercial information."

3. Any documents or materials for which a party and/or a third-party company wishes to invoke the protections of this Protective Order shall be stamped "**SUBJECT TO PROTECTIVE ORDER – Sensitive Company Information, [insert company name]**," with the name of the third-party company to which the information belongs inserted as appropriate. For any materials whose medium makes such stamping impracticable, such as computer data, the accompanying letter shall be stamped "**SUBJECT TO PROTECTIVE ORDER – Sensitive Company Information, [insert company name]**." Any materials that contain information derived from Sensitive Company Information, such as court filings or other pleadings, shall be stamped "**SUBJECT TO PROTECTIVE ORDER – Sensitive Company Information, [insert company name]**."

4. With respect to documents, the designating party and/or third-party company shall apply the above markings on a page-by-page basis. With respect to written testimony (*e.g.*, a declaration or affidavit), the designating party and/or third-party company shall apply the above markings on a paragraph-by-paragraph basis. With respect to oral testimony (*e.g.*, a deposition), the designating party and/or third-party company shall, within 14 days of receiving the transcript, inform the other parties and/or third-party company of the specific pages and line numbers that contain Sensitive Company Information and thus shall be treated as if the above markings have been applied.

5. The protections conferred by this Order cover not only the original documents or materials produced and marked in accordance with ¶¶ 3-4, but also all copies or excerpts of Sensitive Company Information. To the extent a person listed in ¶ 7(a) or (c), *infra*, creates any such documents or materials containing Sensitive Company Information, such person must mark those documents or materials in accordance with ¶¶ 3-4.

6. Sensitive Company Information produced or created pursuant to this Protective Order shall not be disclosed except as provided in ¶¶ 7-8 below, and subject to the dispute-resolution provisions of ¶ 9, below.

7. Access to **Sensitive Company Information** produced or created pursuant to this Protective Order shall be restricted to:

    a. the parties, the attorneys for the parties, the attorneys' support staff, persons employed or contracted for by the attorneys for the purposes of this litigation, and other Government personnel;

    b. the Court and its personnel, including court reporters; and

    c. individuals affiliated with the third-party company to which the information belongs, including the third-party company's attorneys and their support staff.

8. Information that is designated **Sensitive Company Information** shall be used for purposes of this litigation only. For individuals listed in ¶ 7(a), *supra*, who are neither attorneys nor Government personnel, **Sensitive Company Information** shall not be disclosed to such individuals unless and until the individual confirms in writing that he or she will abide by the terms of this Protective Order, by signing the form filed on the docket at ECF No. 42-2, and which shall be attached as Exhibit A to any copy of this document given to such individual.

9. The parties retain the right to challenge the designation of particular information as Sensitive Company Information. If a party to this litigation who has received material designated as Sensitive Company Information in accordance with this Order disagrees with the designation, in full or in part, that party shall notify the other party and the relevant third-party company in writing, and all shall confer as to the status of the material at issue. As part of this conferral, either party may propose alternate language or description of the Sensitive Company Information, such that the alternate language or description would no longer constitute Sensitive Company Information. If the parties and third-party company are unable to agree upon the status of the material at issue, the receiving party may raise the issue with the Court for resolution. The burden of proof with respect to the propriety or correctness of the designation will rest on the party and/or third-party company that designated the information as Sensitive Company Information, including the obligation to prove that the need for confidentiality of the Sensitive Company Information outweighs any party's interests in allowing disclosure of the information. No party, by treating material designated as Sensitive Company Information in accordance with this Order, shall be deemed to have conceded that the material actually is properly designated as Sensitive Company Information.

10. If at any point during this litigation (including any appeals) information that was designated as Sensitive Company Information is publicly disclosed by the relevant third-party company, or no longer qualifies as Sensitive Company Information for any other reason, the third- party company shall notify the parties promptly, in writing, and shall specify the previously designated page(s) and/or paragraph(s) that shall no longer be considered Sensitive Company Information.

11. Any Court filings that contain Sensitive Company Information pursuant to this Protective Order shall be made under seal. The party or third-party company responsible for such filing shall, within seven days, also file a redacted version that is publicly available.

12. Those portions of any depositions where the contents of Sensitive Company Information are discussed shall be designated as under seal, and the parties and relevant third-party company shall treat those portions of deposition transcripts as Sensitive Company Information subject to this Protective Order. The process for designating Sensitive Company Information within a deposition transcript is set forth in ¶ 4, *supra*.

13. Upon the scheduling of any hearing or trial in this matter, the manner of using any Sensitive Company Information at such hearing or trial shall, after consultation between the parties' counsel, be determined by the Court prior to any such hearing or trial. To the extent either party intends to request that the Court allow the use or disclosure of Sensitive Company Information beyond what is allowed under the terms of this Protective Order (*e.g.*, in an open hearing or setting), counsel for the parties must also consult with counsel for the relevant third- party companies.

14. Nothing in this Protective Order obligates the parties or any third-party companies to produce any information whatsoever, or waives the applicability of privileges with respect to any information. This Protective Order does not constitute a ruling on the question of whether the materials protected by this Protective Order, or derived therefrom, are properly discoverable or admissible, and this Protective Order does not constitute a ruling on any potential objection to the discoverability or admissibility of such information.

15. Nothing in this Protective Order shall be construed as preventing the parties or their attorneys from discussing the issues in this litigation with any person (whether a party, third-party, or otherwise), except to the extent that such discussions would disclose Sensitive Company Information produced during discovery.

16. Nothing in this Protective Order shall be construed as preventing the parties or their attorneys from discussing or disclosing information that is already publicly available or that was not produced during discovery.  Nothing in this Protective Order shall be construed as preventing a third-party company from disclosing any information related to the third-party company, whether Sensitive Company Information or otherwise, outside the context of this litigation.

17. The parties retain the right to seek a modification of any provision of this Protective Order.  Third-party companies may also, if appropriate, seek modification of any provision of this Protective Order.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  November 29, 2018