*Sandvig v. Barr*

No. 1:16-cv-1368 (JDB)

# Plaintiffs' Exhibit 5

**H. Marshall Jarrett**
Director, EOUSA

**Michael W. Bailie**
Director, OLE

# OLE Litigation Series

**Ed Hagen**
Assistant Director, OLE

**Scott Eltringham**
Computer Crime and Intellectual Property Section
Editor in Chief

# Prosecuting Computer Crimes

**Computer Crime and Intellectual Property Section
Criminal Division**



**Published by
Office of Legal Education
Executive Office for
United States Attorneys**

The Office of Legal Education intends that this book be used by Federal prosecutors for training and law enforcement purposes.

The contents of this book provide internal suggestions to Department of Justice attorneys. Nothing in it is intended to create any substantive or procedural rights, privileges, or benefits enforceable in any administrative, civil, or criminal matter by any prospective or actual witnesses or parties. *See United States v. Caceres*, 440 U.S. 741 (1979).

breaching a duty of loyalty to the authorizing party. *See, e.g.*, *Bell Aerospace Services, Inc. v. U.S. Aero Services, Inc.*, 690 F. Supp. 2d 1267 (M.D. Ala. 2010); *U.S. Bioservices v. Lugo*, 595 F. Supp. 2d 1189 (D. Kan. 2009); *Losco Foods v. Hall & Shaw Sales*, 600 F. Supp. 2d 1045 (E.D. Mo. 2009); *Bro-Tech Corp. v. Thermax, Inc.*, 651 F. Supp. 2d 378, 407-08 (E.D. Pa. 2009); *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 964-967 (D. Ariz. 2008); *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1342 (N.D. Ga. 2007); *B&B Microscopes v. Armogida*, 532 F. Supp. 2d 744, 758 (W.D. Pa. 2007); *Lockheed Martin Corp. v. Speed*, 2006 WL 2683058, at *4 (M.D. Fla. 2006). These courts, like the Ninth Circuit, generally hold that an authorized computer user can never access the computer "without authorization" unless and until the authorization is rescinded. *See, e.g., Shamrock Foods*, 535 F. Supp. 2d at 967 ("[A] violation for accessing 'without authorization' occurs only where initial access is not permitted.").

Based on this recent case law, courts appear increasingly likely to reject the idea that a defendant accessed a computer "without authorization" in insider cases—cases where the defendant had some current authorization to access the computer. Accordingly, prosecutors should think carefully before charging such defendants with violations that require the defendants to access a computer "without authorization" and instead consider bringing charges under those subsections that require proof that the defendant exceeded authorized access.

### *Exceeding Authorized Access*

Several provisions of the CFAA impose criminal liability on a defendant who, among other things, "exceeds authorized access" when accessing a computer. *See* 18 U.S.C. §§ 1030(a)(1), (a)(2), & (a)(4). The CFAA defines "exceeds authorized access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."[2] 18 U.S.C. § 1030(e)(6). Accordingly, to prove that someone has "exceeded authorized access," prosecutors should be prepared to present evidence showing (a) how the person's authority to obtain or alter information on the computer was limited, rather than absolute, and (b) how the person exceeded those limitations in obtaining or altering information.

It is relatively easy to prove that a defendant had only limited authority to access a computer in cases where the defendant's access was limited by

---

[2] "Viewing material on a computer screen constitutes 'obtaining' information under the CFAA." *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 648 (E.D. Pa. 2007) (citing legislative history for CFAA).

restrictions that were memorialized in writing, such as terms of service, a computer access policy, a website notice, or an employment agreement or similar contract. *See, e.g.*, *EF Cultural Travel BV v. Zefer Corp.*, 318 F.3d 58 (1st Cir. 2003) (website notices); *Cont'l Group, Inc. v. KW Prop. Mgmt., LLC*, 622 F. Supp. 2d 1357, 1372 (S.D. Fla. 2009) (computer access policies); *United States v. Drew*,[3] 259 F.R.D. 449 (C.D. Cal. 2009) (website terms of service); *Modis, Inc. v. Bardelli*, 531 F. Supp. 2d 314, 319 (D. Conn. 2008) (employment agreement); *Hewlett-Packard Co. v. Byd:Sign, Inc.*, 2007 WL 275476, at *13 (E.D. Tex. 2007) (confidentiality agreement); *Am. Online, Inc. v. Nat'l Health Care Discount, Inc.*, 174 F. Supp. 2d 890, 899 (N.D. Iowa 2001) (email terms of service). In addition, password protection is an implicit (and technological) limit on access for otherwise authorized users who are not given the password. *See EF Cultural Travel BV v. Zefer Corp.*, 318 F.3d 58 (1st Cir. 2003). However, courts have split on the question of whether limits on authorized access can be reasonably inferred from the circumstances in cases where no explicit or implicit restrictions on access existed. *Compare EF Cultural Travel BV v. Zefer Corp.*, 318 F.3d 58 (1st Cir. 2003) (rejecting "reasonable expectations" test for lack of authorization), *with United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007) ("Courts have . . . typically analyzed the scope of a user's authorization to access a protected computer on the basis of the expected norms of intended use or the nature of the relationship established between the computer owner and the user.").[4]

The most commonly litigated issue about "exceeding authorized access" in reported opinions is whether a particular defendant exceeded authorized access by accessing the computer for an improper purpose. The cases on this

---

[3] Although *United States v. Drew* confirms that the government may rely on a website's terms of service to establish that a website user exceeded her authorization to access the site, the district court also held in that case that the CFAA is unconstitutionally vague to the extent that it permits a defendant to be charged with a misdemeanor violation of § 1030(a)(2)(C) based on a conscious violation of a website's terms of service. 259 F.R.D. 449, 464 (C.D. Cal. 2009) ("[I]f any conscious breach of a website's terms of service is held to be sufficient by itself to constitute intentionally accessing a computer without authorization or in excess of authorization, the result will be that section 1030(a)(2)(C) becomes a law 'that affords too much discretion to the police and too little notice to citizens who wish to use the [Internet].'").

[4] Note that one author argues that the law would be better off if all "unauthorized access" cases were based only on code-based restrictions, arguing that "contract-based" restrictions are harder to define. Orin S. Kerr, "Cybercrime's Scope: Interpreting 'Access' and 'Authorization' in Computer Misuse Statutes," 78 N.Y.U. L. Rev. 1596 (2003). However, this proposal would essentially read "exceeding authorized access" out of the statute, which the author generally acknowledges. *Id.* at 1662-63.