*Sandvig v. Barr*

No. 1:16-cv-1368 (JDB)

# Plaintiffs' Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN SANDVIG, *et al.*,<br><br>           Plaintiffs,<br><br>      v.<br><br>JEFFERSON B. SESSIONS, III, in his official capacity as Attorney General of the United States,<br><br>           Defendant. | Case No. 1:16-cv-1368 (JDB) |

## ANSWER

Defendant Jefferson B. Sessions, III, in his official capacity as Attorney General of the United States, respectfully answers Plaintiffs' complaint as follows:

### Introduction

1.      The first clause of the first sentence contains only a characterization of this lawsuit and a reference to the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, which speak for themselves and to which no response is required.  The second clause of the first sentence and the first clause of the second sentence contain only conclusions of law, not allegations of fact, and thus no response is required.  Defendant denies the second clause of the second sentence.

2.      Denied.

3.      As to the first sentence, Defendant admits that a type of testing, sometimes referred to as "audit testing," has been used to seek evidence of discrimination in housing and employment contexts offline and that such evidence has sometimes played a role in the enforcement of anti-discrimination laws.  As to the second sentence, Defendant admits that audit testing can include

1

the characterization proffered.  The third sentence contains only argument and a conclusion of law, not an averment of fact to which a response is required, but to the extent a response is deemed necessary, Defendant denies that the law protects misrepresentation based on whether it is "socially useful" or that audit testers are immune from generally applicable laws.  As to the fourth sentence, Defendant admits that some websites maintain rules against providing false information and using automated processes to copy content from the site; otherwise denied.

4.     The first sentence contains only a characterization of 18 U.S.C. § 1030(a)(2)(C) (the "Challenged Provision"), which speaks for itself and to which no response is required.  The second sentence is merely a characterization of how certain courts and prosecutors have interpreted the CFAA in prior cases, the facts and legal filings of which speak for themselves and to which no response is required.  The third sentence contains only argument and conclusions of law, not allegations of fact, and thus no response is necessary.  As to the fourth sentence, Defendant admits that individuals or organizations may violate the CFAA by intentionally accessing information on a protected computer without authorization or exceeding their authorized access. But Defendant notes that the likelihood of federal prosecution depends on a variety of factors identified in the Department of Justice's policy governing prosecutions under the CFAA, ECF No. 15-1, and Defendant lacks information or knowledge sufficient to know whether such factors are present or absent in this case.  As to the fifth sentence, deny and note that, to the extent a website prohibits access through use of fictitious information or automated processes, information is not made available to the public through those means.

5.     The first sentence contains only argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, deny and note that there are many ways of conducting research regarding the internet without violating the

law.  As to the second sentence, admit that transactions of many goods—social and otherwise—are increasingly taking place online and aver that this trend makes robust tools for protecting proprietary and sensitive information accessible on the internet even more critical.  As to the third sentence, Defendant admits that "cookies" and other technologies that identify users and devices can be employed by websites to store information conveyed by the browsing habits of a particular user but denies that these technologies necessarily affect the "anonymity" of transactions over the internet or necessarily reveal information about race, gender, age, and sexual orientation.  Defendant notes that users may take actions to limit these technologies.

6.      As to the first and second sentences, Defendant admits that website operators can use algorithms to analyze data generated by user activity on those sites, a practice often referred to as "analytics"; that many websites do so; and that this practice has increased over time.  As to the third sentence, Defendant admits that analytics enable companies to predict customer preferences, tailor services, and guide individualized marketing; however, Defendant lacks information or knowledge sufficient to admit or deny whether analytics can be or is used to steer individuals to housing opportunities, job offers, or credit opportunities based on membership in a protected class.  As to the fourth sentence, Defendant admits only that certain persons and groups have raised concerns that analytics could enable intentional or unintentional discrimination based on membership in a protected class.  The fifth sentence contains only a characterization of publications by the federal government, which speak for themselves and to which no response is required.

7.      Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs' allegations about themselves, their work, and their subjective fears in this paragraph.

8.      Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs'

intended research activities as alleged in the first sentence. The remainder of this paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

9. This paragraph contains only a characterization of Plaintiffs' motivation for bringing this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.

## Jurisdiction and Venue

10. This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

11. This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

12. The first and third sentences contain only conclusions of law and a characterization of this lawsuit, not allegations of fact, and thus no response is required. As to the second sentence, Defendant admits that he is sued in his official capacity and that he resides, in that capacity, in this district.

## Parties

13. Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

14. Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

15. Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

16. Defendant lacks information or knowledge sufficient to admit or deny the

allegations in this paragraph.

17.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

18.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

19.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

20.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

21.     Defendant denies the first clause of the first sentence, but admits that Jefferson B. Sessions, III, who has been substituted for his predecessor, Loretta Lynch, is the current Attorney General of the United States.  The remainder of the paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

## The Computer Fraud and Abuse Act

22.     This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

23.     This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

24.     This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

25.      This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

26.     This paragraph contains only conclusions of law, not allegations of fact, and thus

no response is required.

27.     This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

28.     This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

29.     This paragraph contains only argument pertaining to the court filings and other public documents referenced in paragraphs 30-32, not allegations of fact, and thus no response is required.

30.     This paragraph contains only a characterization of a departmental manual on prosecuting computer crimes, which speaks for itself and to which no response is required.

31.     This paragraph contains only a characterization of the legal theories underlying two federal prosecutions, which speak for themselves in publically-available court filings and to which no response is required.  To the extent a response is deemed necessary, Defendant admits that the Department of Justice brought CFAA charges in *United States v. Drew*, No. CR 08-0582-GW (C.D. Cal.) and *United States v. Lowson*, No. 10-114 (KSH) (D.N.J.) and refers to the pleadings in those cases for the theories asserted therein.  Defendant notes that *Lowson* involved circumvention of code-based restrictions in addition to violations of a website's terms of service.

32.     This paragraph contains only conclusions of law and characterizations of judicial decisions, not allegations of fact, and thus no response is required.

33.     This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

34.     This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

35. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

**Audit Testing and the Fair Housing Act**

36. Admit that testing has played a role in cases brought under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The remainder of the paragraph contains only a characterization of Title VII, which speaks for itself and to which no response is required.

37. This paragraph contains only a characterization of the FHA, which speaks for itself and to which no response is required.

38. This paragraph contains only a characterization of the FHA, which speaks for itself and to which no response is required.

39. This paragraph contains only a characterization of the FHA, which speaks for itself and to which no response is required.

40. This paragraph contains only a conclusion of law and a characterization of the cited regulations, not allegations of fact, and thus no response is required.

41. Defendant admits the first sentence. As to the second sentence, Defendant admits that a comparison to the experiences of other renters and buyers may help elucidate whether discrimination has occurred and that paired testing is one procedure that has been used for testing discrimination in housing.

42. Defendant admits that the scenarios presented in this paragraph can be described as paired testing.

43. Defendant admits the first sentence. The second sentence contains only a characterization of a report published by the U.S. Department of Housing and Urban Development,

7

which speaks for itself and to which no response is required.

44.     This paragraph contains only a characterization of the cited judicial decisions, which speak for themselves and to which no response is required.

45.     This paragraph contains only a characterization of the Housing and Community Development Act of 1987 ("HCDA"), Pub. L. No. 100-242, 101 Stat. 1815, which speaks for itself and to which no response is required.

**Testing and Title VII**

46.     This paragraph contains only a characterization of Title VII, which speaks for itself and to which no response is required.

47.     This paragraph contains only a characterization of Title VII, which speaks for itself and to which no response is required.

48.     This paragraph contains only a characterization of Title VII, which speaks for itself and to which no response is required.

49.     This paragraph contains only a characterization of Title VII, which speaks for itself and to which no response is required.

50.     Defendant admits that correspondence tests and audit studies are two techniques that may be used to test for employment discrimination and may include the described activities.

51.     This paragraph contains only a characterization of the article cited in the preceding paragraph, which speak for itself and to which no response is required.

52.     This paragraph contains only a characterization of judicial decisions, which speak for themselves and to which no response is required.

53.     This paragraph contains only a characterization of a notice of the Equal Employment Opportunity Commission ("EEOC"), which speaks for itself and to which no

response is required.

54.     This paragraph contains only argument about how to interpret the authorities cited in the preceding paragraphs, not allegations of fact, and thus no response is required.

55.     Defendant admits that real estate, finance, and employment transactions have increasingly been initiated on the internet in recent years but lacks knowledge or information sufficient to admit or deny what will occur in the future.

56.     As to the first sentence, Defendant admits that analytics have allowed new forms of targeted marketing. As to the second sentence, Defendant admits that consumer information is sometimes compiled from public records, websites, and retail loyalty card programs (among other sources) and sold for marketing purposes and that the term "data broker" has been used to describe persons and entities engaged in such activities.

57.     Defendant admits that companies may develop models to categorize individual consumers and that such models may imply inferences about the characteristics of the consumers placed in those models. The remainder of the paragraph contains only characterizations of a Federal Trade Commission report, which speaks for itself and to which no response is required.

58.     Defendant admits that marketing models may be utilized for online marketing but lacks information or knowledge sufficient to admit or deny the specific targeting examples identified.

59.     Defendant admits the first sentence and that a "cookie" can fit the description proffered in the second sentence. As to the third and fourth sentences, Defendant admits that the insertion of tracking cookies by websites and advertisers—including the scenario depicted in the fourth sentence—is possible if a user has not limited the use of cookies. As to the fifth sentence, Defendant admits that cookies, where not limited by a user, may permit targeted marketing but

lacks information or knowledge sufficient to admit or deny whether such targeting could take or has taken the form of selective opportunities displayed on housing and employment websites.

60.     Defendant admits that targeting based on a user's browsing history is possible as a general proposition but lacks information sufficient to admit or deny whether the specific hypotheticals posed in this paragraph are possible or under what circumstances.

61.     This paragraph contains only argument, not allegations of fact, and therefore no response is required.

62.     This paragraph contains only argument and conclusions of law, not allegations of fact, and therefore no response is required.

63.     The first sentence contains only a characterization of academic scholarship, which speaks for itself and to which no response is required.  As to the second sentence, Defendant admits that algorithms can be used to discern correlations in existing data sets and to make predictions. The third sentence contains only a legal conclusion drawn from a hypothetical scenario, not allegations of fact, and therefore no response is required.

64.     The first and second sentences pose only hypothetical scenarios, not allegations of fact, and therefore no response is required.  The third and fourth sentences contain only a characterization of, and speculation about, the potential applications of an alleged patent, which— if issued—speaks for itself and to which no response is required.

65.     Defendant admits that systematic underrepresentation of certain attributes in a data set can cause bias in a model generated by that data set, depending on the attributes the model seeks to measure or predict.  The remainder of the paragraph contains only hypothetical scenarios, argument, and conclusions of law, not allegations of fact, and thus no response is required.

66.     As to the first and second sentences, Defendant admits that "machine learning"

techniques may utilize "training data" from a variety of sources, and that training data may change over time.  The third sentence contains only a hypothetical scenario and a conclusion of law based upon that hypothetical, not allegations of fact, and thus no response is required.

67.     As to the first clause of the first sentence, Defendant admits that advocates have argued for increased transparency regarding the functioning and use of algorithms; the remainder of the sentence contains only argument regarding the "best" way to test for discrimination online, not an averment of fact to which a response is required.  To the extent a response is deemed necessary, denied.  The second sentence is denied.

68.     This paragraph contains only argument about hypothetical scenarios and conclusions of law based upon those hypothetical scenarios, not allegations of fact, and thus no response is required.

69.     This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

70.     As to the first sentence, Defendant admits that online audit testing may include the method described but lacks information sufficient to admit or deny how common that method is. As to the second sentence, Defendant admits that websites may prohibit using false user profiles and automated technology to access their services but notes that each website's terms of service are unique.  Defendant denies that such policies, to the extent adopted by a website, prevent researchers from testing or publishing about algorithms.  Defendant denies the third sentence.

71.     This paragraph contains only a characterization of the terms of service of various websites, which speak for themselves and to which no response is required. Defendant notes that many companies do not automatically revoke authorization to access their websites upon a violation of their terms of service but merely reserve the right to revoke authorization in the future.

Defendant notes further that Beyond.com does not appear to be an employment website.

72.     The first and second sentences contain only hypothetical scenarios and conclusions of law, not averments of fact, and thus no response is required.  The third sentence contains only a characterization of a Senate committee report, which speaks for itself and to which no response is required.

73.     Defendant lacks information or knowledge sufficient to admit or deny the first sentence.  The second sentence contains only argument and speculation about the probability of hypothetical scenarios, not allegations of fact, and thus no response is required.  The third sentence contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

74.     As to the first sentence, Defendant denies that it is impossible for internet users to locate and read the terms of service of the websites they visit.  As to the second sentence, Defendant denies that websites frequently reserve the right to change their terms of service without notice.  The remainder of the sentence contains only argument and conclusions of law to which no response is required.  The third sentence contains only a characterization of the terms of service of various websites, which speaks for themselves and to which no response is required.

**Plaintiffs' Research Plans**

75.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

76.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

77.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

78.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

79.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

80.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

81.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

82.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

83.     As to the first sentence, Defendant admits that online residential real estate websites generally maintain a database of real estate listings that may reflect listings from listing services and/or listings submitted directly by an owner, broker, or realtor.  Defendant lacks information or knowledge sufficient to admit or deny the reference to "organic" listings in the second sentence. Defendant lacks information or knowledge sufficient to admit or deny the third sentence.

84.     As to the first sentence, Defendant admits that some websites make money by, among other things, accepting advertising but notes that each website's business model is different. Defendant lacks information or knowledge sufficient to admit or deny the remaining allegations in this paragraph.

85.     As to the first sentence, Defendant admits that digital advertising platforms may show different advertisements to different people.  The second sentence contains only argument pertaining to that fact, not allegations of fact, and thus no response is required.

86.     Defendant lacks information or knowledge sufficient to admit or deny the

allegations about Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

87.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

88.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

89.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

90.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

91.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

92.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

93.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's intended activities and research goals in this paragraph.

94.     This paragraph contains only argument regarding the value of hypothetical research findings, not allegations of fact, and thus no response is required.

95.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's mental states and the targets of their research in the first and second sentences.  As to the third sentence, Defendant admits that many real estate websites prohibit scraping without express permission but lacks information or knowledge sufficient to admit or deny whether all of them do.  Defendant notes further that many

companies do not automatically revoke authorization to access their websites upon a violation of their terms of service but merely reserve the right to revoke authorization in the future. Defendant lacks information or knowledge sufficient to admit or deny the fourth sentence.

96.     Defendant lacks information or knowledge sufficient to admit or deny the allegation about the impact of Plaintiffs Sandvig's and Karahalios's intended activities in this paragraph.

97.     This paragraph contains only a characterization of a research paper, which speaks for itself and to which no response is required.

98.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's mental states, plans, motivations, and ongoing activities in this paragraph.

99.     Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Sandvig's and Karahalios's wishes in this paragraph.

100.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Mislove in this paragraph.

101.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Mislove in this paragraph.

102.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Mislove's research activities in this paragraph.

103.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Wilson in this paragraph.

104.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Wilson in this paragraph.

105.    Defendant lacks information or knowledge sufficient to admit or deny the

allegations about Plaintiff Wilson's research foci in this paragraph.

106.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Wilson's and Mislove's collaborations and activities in this paragraph.

107.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Wilson's and Mislove's plans and activities in this paragraph.

108.    Defendant admits that employment websites may offer services, content, and/or tools that accommodate the type of activities alleged in this paragraph but notes that each website is unique.

109.    Defendant admits that some employment websites provide recruiters and job seekers with tools to query, filter, and browse the postings on the website; that these tools frequently reflect proprietary algorithms; and that the order in which opportunities are listed may impact further actions by the job seeker or recruiter.

110.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Wilson's and Mislove's research objectives in the first sentence.  The second sentence contains only possible explanations of a hypothetical scenario, not allegations of fact, and thus no response is required.

111.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs Wilson's and Mislove's research objectives in the first sentence.  The second sentence contains only a hypothetical scenario based upon another hypothetical scenario, not allegations of fact, and thus no response is required.

112.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's intended activities or what they may indicate as alleged in this paragraph

113.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs

Wilson's and Mislove's research plans in this paragraph.

114.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans in the first and third sentences.  As to the second sentence, Defendant admits that a bot can, as a general proposition, engage with websites automatically based on scripts written by a programmer.

115.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

116.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

117.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

118.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

119.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

120.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

121.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

122.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's research plans as alleged in this paragraph.

123.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's plans and hopes as alleged in this paragraph.

124.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's mental state as alleged in the first sentence.  As to the second and third sentence, Defendant admits that many websites generally prohibit the use of bots, scraping and certain types of false information but declines to generalize to all websites and notes that many websites permit deviation from their generally applicable rules with prior permission.  Defendant notes further that many companies do not automatically revoke authorization to access their websites upon a violation of their terms of service but merely reserve the right to revoke authorization in the future.

125.    Defendant lacks information or knowledge sufficient to admit or deny the impact of Plaintiffs Wilson's and Mislove's experimental design as alleged in this paragraph.

126.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's concerns and activities as alleged in this paragraph.

127.    This paragraph contains only a characterization of Plaintiffs Wilson's and Mislove's plans, beliefs, and hopes about the impact of their research, not allegations of fact, and thus no response is required.

128.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs Wilson's and Mislove's wishes as alleged in this paragraph.

129.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Media Works and its journalists in this paragraph.

130.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Media Works and its journalists in this paragraph.

131.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Media Works and its journalists in this paragraph.

132.    Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiff Media Works and its journalists in this paragraph.

133.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

134.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in this paragraph.

135.    This paragraph contains only conclusions of law, not allegations of fact, and thus no response is required.

136.    This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

137.    This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

138.    Defendant lacks information or knowledge sufficient to admit or deny whether Plaintiffs have begun the specified activities.  The remainder of the paragraph contains only a conclusion of law, not allegations of fact, and thus no response is required.

139.    This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

140.    This paragraph contains only a conclusion of law, not allegations of fact, and thus no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

141.    This paragraph contains only argument, hypotheticals, and conclusions of law, not allegations of fact, and thus no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

142.    This paragraph contains only argument, hypotheticals, and conclusions of law, not allegations of fact, and thus no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

143.    This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

144.    This paragraph contains only argument, conclusions of law, and characterizations of Plaintiffs' subjective mental states, not allegations of fact, and thus no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

145.    This paragraph contains only argument, conclusions of law, and characterizations of Plaintiffs' subjective mental states, not allegations of fact, and thus no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

146.    Defendant lacks information or knowledge sufficient to admit or deny whether Plaintiffs' research entails scraping or the degree to which such scraping is prohibited by the target websites.  The remainder of this paragraph contains only a conclusion of law, not allegations of fact, and thus no response is required.

147.    This paragraph contains only conclusions of law and characterizations of Plaintiffs' subjective mental states, not allegations of fact, and thus no response is required.

148.    This paragraph contains only a conclusion of law, not allegations of fact, and thus no response is required.

149.    The first sentence contains only a characterization of various terms of service,

which speak for themselves and to which no response is required. The remainder of this paragraph contains only argument, hypotheticals, and conclusions of law, not allegations of fact, and thus no response is required. Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

150. This paragraph contains only argument, hypotheticals, and conclusions of law, not allegations of fact, and thus no response is required.

151. The first sentence contains only a characterization of the terms of service of unidentified websites, which speak for themselves and to which no response is required. The second sentence contains only a conclusion of law, not allegations of fact, and thus no response is required.

152. This paragraph contains only argument, hypotheticals, and conclusions of law, not allegations of fact, and thus no response is required.

153. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. Furthermore, this paragraph relates to a claim that has been dismissed and thus no response is required.

154. The first, second, and fourth sentences contain only argument and conclusions of law, not allegations of fact, and thus no response is required. Defendant lacks information or knowledge sufficient to admit or deny the allegations about Plaintiffs' intended research in the third sentence.

155. Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs' wishes as alleged in the first clause of the second sentence. The remainder of the paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

156.    This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

157.    As to the first clause of this sentence, Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs' desire to use automated methods of recording but notes that information that can only be aggregated through sophisticated methods prohibited by a website's terms of service is not "publicly-available," as alleged.  The second clause of the sentence contains only a conclusion of law, not allegations of fact, and thus no response is required.

158.    As to the first sentence, Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs' wish to use automated scraping but admits that automated scraping allows for rapid gathering of large amounts of data that would take far longer to gather manually.  As to the second sentence, Defendant admits that many websites' terms of service prohibit scraping but declines to make generalizations that would purport to describe all website terms of service.  As to the third sentence, Defendant admits that some websites' terms of service prohibit or restrict password sharing but denies that such rules necessarily restrict the sharing of information gleaned by an individual account holder.

159.    This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

160.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiffs' wishes for the future as alleged in the first sentence.  The second sentence contains only a conclusion of law, not allegations of fact, and thus no response is required.

161.    This paragraph contains only a conclusion of law, not allegations of fact, and thus no response is required.

162.    This paragraph relates to a claim that has been dismissed and thus no response is

required

163.    This paragraph relates to a claim that has been dismissed and thus no response is required.

164.    This paragraph relates to a claim that has been dismissed and thus no response is required.

165.    This paragraph relates to a claim that has been dismissed and thus no response is required.

166.    This paragraph relates to a claim that has been dismissed and thus no response is required.

167.    This paragraph relates to a claim that has been dismissed and thus no response is required.

168.    This paragraph relates to a claim that has been dismissed and thus no response is required.

169.    This paragraph relates to a claim that has been dismissed and thus no response is required.

170.    This paragraph relates to a claim that has been dismissed and thus no response is required.

171.    This paragraph relates to a claim that has been dismissed and thus no response is required.

172.    This paragraph relates to a claim that has been dismissed and thus no response is required.

173.    This paragraph relates to a claim that has been dismissed and thus no response is required.

174.     This paragraph relates to a claim that has been dismissed and thus no response is required.

175.     This paragraph relates to a claim that has been dismissed and thus no response is required.

176.     This paragraph relates to a claim that has been dismissed and thus no response is required.

177.     This paragraph relates to a claim that has been dismissed and thus no response is required.

178.     This paragraph relates to a claim that has been dismissed and thus no response is required.

179.     This paragraph relates to a claim that has been dismissed and thus no response is required.

## CLAIMS FOR RELIEF

### First Cause of Action: U.S. Const., amend 1
### (Freedom of Speech and Freedom of Press Clauses)

180.     This paragraph contains only a cross-reference to allegations answered in the paragraphs above, and thus no response is required.

181.     This paragraph contains only a conclusion of law, not allegations of fact, and thus no response is required.

182.     This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

183.     This paragraph relates to a claim that has been dismissed, and thus no response is required.

184.     This paragraph contains only argument and conclusions of law, not allegations of

fact, and thus no response is required.

185.   This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

186.   This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required.

### Second Cause of Action:  U.S. Const., amend 1 (Petition Clause)

187.   This paragraph relates to a claim that has been dismissed and thus no response is required.

188.   This paragraph relates to a claim that has been dismissed and thus no response is required.

189.   This paragraph relates to a claim that has been dismissed and thus no response is required.

190.   This paragraph relates to a claim that has been dismissed and thus no response is required.

191.   This paragraph relates to a claim that has been dismissed and thus no response is required.

192.   This paragraph relates to a claim that has been dismissed and thus no response is required.

193.   This paragraph relates to a claim that has been dismissed and thus no response is required.

### Third Cause of Action:  Void for Vagueness
### U.S. Const., amend. 5 (Due Process Clause)

194.   This paragraph relates to a claim that has been dismissed and thus no response is required.

195.    This paragraph relates to a claim that has been dismissed and thus no response is required.

196.    This paragraph relates to a claim that has been dismissed and thus no response is required.

197.    This paragraph relates to a claim that has been dismissed and thus no response is required.

198.    This paragraph relates to a claim that has been dismissed and thus no response is required.

### Fourth Cause of Action:  Unconstitutional Delegation
### U.S. Const., amend. 5 (Due Process Clause)

199.    This paragraph relates to a claim that has been dismissed and thus no response is required.

200.    This paragraph relates to a claim that has been dismissed and thus no response is required.

201.    This paragraph relates to a claim that has been dismissed and thus no response is required.

202.    This paragraph relates to a claim that has been dismissed and thus no response is required.

### PRAYER FOR RELIEF

This section contains only a characterization of the relief sought in the complaint, not allegations of fact, and thus no response is required.

### DEFENSES

1.    The court lacks subject matter jurisdiction.

2.    The case is not ripe.

26

3.      The complaint fails to state a claim on which relief can be granted.

4.      The claims are time-barred.

5.      The complaint fails to join one or more necessary parties.

6.      Plaintiffs' claims are barred by the doctrine of unclean hands.

Defendant specifically denies all allegations in the complaint not otherwise answered

herein and denies that Plaintiffs are entitled to the relief requested in the complaint or to any

relief whatsoever.

Dated:  April 27, 2018                    Respectfully Submitted,

                                          CHAD A. READLER
                                          Acting Assistant Attorney General

                                          JOHN R. TYLER
                                          Assistant Branch Director

                                          */s/ Serena M. Orloff*
                                          SERENA M. ORLOFF
                                          California bar no. 260888
                                          U.S. Department of Justice, Civil Division
                                          20 Massachusetts Avenue, N.W.
                                          Washington, D.C. 20530
                                          Tel: (202) 305-0167
                                          Fax: (202) 616-8470
                                          Serena.M.Orloff@usdoj.gov

                                          *Attorneys for Defendant*

27

**CERTIFICATE OF SERVICE**

I certify that on April 27, 2018, I caused the foregoing document to be served on counsel

for plaintiffs by filing with the court's electronic case filing system.

*/s/ Serena M. Orloff*
SERENA ORLOFF