*Sandvig v. Barr*

No. 1:16-cv-1368 (JDB)

# Plaintiffs' Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTIAN SANDVIG, *et al.*,

    Plaintiffs,

v.

JEFFERSON B. SESSIONS, III, in his official capacity as Attorney General of the United States.

    Defendant.

Case No. 1:16-cv-1368 (JDB)

## AFFIDAVIT OF JOHN T. LYNCH, JR.

Pursuant to 28 U.S.C. § 1746, I, John T. Lynch, Jr., state as follows:

    1.    My name is John T. Lynch, Jr. I am the Chief of the Computer Crime and Intellectual Property Section (CCIPS) of the Criminal Division of the United States Department of Justice. CCIPS is responsible for implementing the Department's national strategies in combating computer and intellectual property crimes worldwide.

    2.    I have been with the Department of Justice since 1995 and with CCIPS since 1997. Prior to that, I served a two-year federal district court clerkship in Rochester, New York, where I assisted the Chief Judge of the District in both civil and criminal matters. I joined CCIPS as a Trial Attorney approximately one year after the Section was formed. I was subsequently promoted, first to Senior Counsel and later to Litigation Coordinator for the Computer Crime team. Between 2006 and 2012, I served as Deputy Chief for Computer Crime and Principal Deputy Chief over the Section. I have held my current position since February 2012.

    3.    I am responsible for overseeing the national efforts to detect, deter, and disrupt computer crime and intellectual property theft. As part of those duties, CCIPS is the administering

section with primary responsibility for most criminal violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030. *See* USAM 9-4.129. The CFAA is one of the Department's most important tools for fighting cybercrime such as hacking, online financial fraud, and the use of ransomware and other malicious code.

4. As technology and criminal behavior evolve, the Department has sought to ensure that its attorneys are applying the CFAA in a manner that is consistent and serves the Department's priorities. Toward that end, the Intake and Charging Policy for Computer Crime Matters (Charging Policy) was issued by the Attorney General on September 11, 2014 to address federal prosecutions under the CFAA, and it remains in effect.[1] The Charging Policy requires an attorney for the Department of Justice to consult with CCIPS before a federal criminal violation of the CFAA is charged. Under the Charging Policy, attorneys from CCIPS review charging documents and make recommendations to prosecutors regarding CFAA charges.

5. Consistent with the Federal Principles of Prosecution, the Charging Policy requires, *inter alia*, that any CFAA prosecution serve a substantial federal interest. *See* USAM 9-27.220. Specific to CFAA violations, the policy directs federal prosecutors to consider particular factors that could contribute to or reduce a substantial federal interest. These factors include (but are not limited to) the sensitivity of an affected computer system; the extent of harm; the degree to which a violation raises concerns pertaining to national security, critical infrastructure, public health and safety, market integrity, international relations, or other national or economic interests; the scope of the criminal endeavor; and whether a violation involves novel or sophisticated techniques, abuse of a sensitive level of access, or otherwise egregious or malicious conduct.

---

[1] A copy of that Charging Policy was appended to the government's reply brief in support of its motion to dismiss, ECF No. 15-1.

6. In addition to these factors, the Charging Policy includes specific guidance for prosecutions under an "exceeding authorized access" theory. In particular, the Policy directs that "if the defendant exceeded authorized access solely by violating an access restriction contained in a contractual agreement or term of service with an Internet service provider or website, federal prosecution may not be warranted."

7. The Policy also states that "federal prosecution may not be warranted if the information obtained is otherwise publicly available or has little value."

8. Most significantly, the Policy requires federal prosecutors to "consider how much harm the criminal activity caused within the relevant District or community" when deciding whether to bring CFAA charges.

9. I have reviewed the complaint in this case that sets forth a description of the conduct that the plaintiffs wish to undertake, including the plaintiffs' assumption that any harm resulting from their proposed conduct would be *de minimis*. I am unaware of any federal criminal prosecution under the CFAA of conduct resembling the conduct described in the complaint that resulted in similarly *de minimis* harm. I do not expect that the Department would bring a CFAA prosecution based on such facts and *de minimis* harm.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2017, in Washington D.C.

*/s/ John T. Lynch, Jr.*
John T. Lynch, Jr.