*Sandvig v. Barr*

No. 1:16-cv-1368 (JDB)

# Plaintiffs' Exhibit 11



**Office of the Attorney General**

Washington, D.C. 20530

September 11, 2014

MEMORANDUM TO THE UNITED STATES ATTORNEYS AND ASSISTANT
ATTORNEY GENERALS FOR THE CRIMINAL AND NATIONAL
SECURITY DIVISIONS

FROM: THE ATTORNEY GENERAL

SUBJECT: Intake and Charging Policy for Computer Crime Matters

Cyber-based crimes are one of the fastest growing threats our nation faces. Although laws addressing the misuse of computers have not kept pace uniformly with developments in technology and criminal schemes, the Computer Fraud and Abuse Act ("CFAA"), codified at Title 18, United States Code, Section 1030, remains an important law for prosecutors to address cyber-based crimes. As technology and criminal behavior continue to evolve, however, it also remains important that the CFAA be applied consistently by attorneys for the government and that the public better understand how the Department applies the law.

To accomplish these goals, I recently asked the Criminal Division to work with the National Security Division, the Executive Office of United States Attorneys, and the Attorney General's Advisory Committee to develop a policy to guide attorneys for the government in the appropriate considerations for prosecutors contemplating charges under the CFAA. The resulting policy is effective immediately.

A. *Policy.* In addition to the considerations set forth in USAM 9-27.230, which are incorporated herein by reference, an attorney for the Department of Justice should consider the following additional factors in determining whether prosecution of a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, should be pursued because a substantial federal interest would be served by prosecution in a case in which the admissible evidence is expected to be sufficient to sustain a conviction. It is recognized that the significance of any cyber event for a District can vary depending on facts and circumstances specific to the District. Factors to be considered include:

1. The sensitivity of the affected computer system or the information transmitted by or stored on it and the likelihood and extent of harm associated with damage or unauthorized access to the computer system or related disclosure and use of information;

4

other victims, or to profit from its sale. Disrupting a hospital computer can place patients' lives in danger.

4. **Impact of the Crime and Prosecution on Victim or Other Third-Parties.** An attorney for the government may consider whether investigation and prosecution might result in further negative impacts on victims or third-parties that cannot otherwise be avoided. Thus, prosecutors should take into account the impact of the crime on the victim, as detailed in USAM 9-27.230.

5. **Exceeding Authorized Access**. Several portions of the CFAA prohibit obtaining information by accessing a protected computer either (1) without authorization, or (2) in a manner that "exceeds authorized access." Some exceeds-authorized-access violations may occur where the actor had authorization to access the computer for one purpose but accessed the computer for a prohibited purpose. For example, in several circuits, violation of the statute under the exceeds-authorized-access theory might occur where an employee accesses sensitive corporate information in violation of the company's access policy, or where a law enforcement officer accesses the National Crime Information Center ("NCIC") computers to obtain information in order to stalk a former romantic partner, which would violate NCIC's access restrictions.

When prosecuting an exceeds-authorized-access violation, the attorney for the government must be prepared to prove that the defendant knowingly violated restrictions on his authority to obtain or alter information stored on a computer, and not merely that the defendant subsequently misused information or services that he was authorized to obtain from the computer at the time he obtained it. As part of proving that the defendant acted knowingly or intentionally, the attorney for the government must be prepared to prove that the defendant was aware of such access restrictions.

The extent of the federal interest in exceeds-authorized-access prosecutions under section 1030(a)(2) varies based upon both the nature of the conduct and the nature of the information obtained during the offense. As with situations presenting an increased need for deterrence, one factor that supports prosecutions under the exceeds-authorized-access provision is the abuse of a position of trust. Examples would include situations in which a system administrator invaded the privacy of email accounts in violation of company policy and for personal gain, or in which a government official accessed information stored on government computers in contravention of clear rules prohibiting such access. Likewise, if the criminal conduct threatened national or economic interests, was in furtherance of a larger criminal endeavor, or posed a risk of bodily harm or threat to national security, those

5

factors would weigh in favor of prosecution. On the other hand, if the defendant exceeded authorized access solely by violating an access restriction contained in a contractual agreement or term of service with an Internet service provider or website, federal prosecution may not be warranted.

6. **Increased Need for Deterrence.** As technology advances, criminals discover novel ways to exploit it. For example, as mobile devices become increasingly powerful and flexible, they have also increasingly become a target for computer criminals. An individual may also abuse a trusted position to commit a computer crime, or may exhibit particularly malicious motivation or egregious behavior. These considerations may, in combination with other factors, weigh in favor of federal prosecution.

7. **Extent of Harm to One District or Community.** In deciding whether to bring a CFAA prosecution in a particular District, the attorney for the government should consider how much harm the criminal activity caused within the relevant District or community. Where an offense causes particularly significant harm to a single District or community, federal prosecution may be warranted.

8. **Possibility of Effective Prosecution in Another Jurisdiction.** In determining whether prosecution should be pursued even though the person is subject to effective prosecution in another jurisdiction, the attorney for the government should weigh the considerations discussed in USAM 9-27.240.

C. *Consultation.*

1. **Introduction**

    Cases under the CFAA are often complex, and analysis of whether a particular investigation or prosecution is warranted often requires a nuanced understanding of technology, the sensitivity of information involved, tools for lawful evidence gathering, national and international coordination issues, and victim concerns, among other factors. USAM 9-50.000 sets forth general requirements for cyber prosecutions, including coordination with and notification of the Computer Crime and Intellectual Property Section ("CCIPS") of the Criminal Division in certain cases. These provisions are still in effect.

2. **Investigative Consultation**

    In addition, at important stages of an investigation, because it is the best practice, the attorney for the government should consult with a Computer Hacking and Intellectual