IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN SANDVIG, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States,<br><br>　　　　Defendant. | Case No. 1:16-cv-1368 (JDB) |

# Defendant's Exhibit 9:

Supplemental Declaration of John T. Lynch, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTIAN SANDVIG,
*et al.*,

        Plaintiffs,

v.

WILLIAM P. BARR, in his official capacity
as Attorney General of the United States,

        Defendant.

Case No. 1:16-cv-1368 (JDB)

### Supplemental Declaration of John T. Lynch, Jr.

Pursuant to 28 U.S.C. § 1746, I, John T. Lynch, Jr., state as follows:

1. My name is John T. Lynch, Jr. I am the Chief of the Computer Crime and Intellectual Property Section (CCIPS) of the Criminal Division of the United States Department of Justice (DOJ). CCIPS is responsible for implementing the Department's national strategies in combating computer and intellectual property crimes worldwide, which includes enforcement of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030.

2. I make this declaration in my official capacity on behalf of the Department of Justice, in connection with the above-captioned matter. This declaration is based on information within my personal knowledge as well as information provided to me in the course of my official duties.

3. I previously submitted an affidavit in connection with this matter, filed at Docket Entry 21-1. I also previously signed the Verification for Defendant's responses to Plaintiffs' interrogatories, and was deposed in this matter both as an individual and as a representative of DOJ pursuant to Fed. R. Civ. P. 30(b)(6). This declaration is intended to supplement my prior

testimony, and specifically to explain the scope of the review that DOJ undertook in connection with responding to Plaintiffs' Interrogatory No. 4.

4.  Plaintiffs' Interrogatory No. 4 requested that DOJ "[i]dentify and set forth any and all indictments that any of the individuals [with authority to charge CFAA offenses] has issued under 18 U.S.C. § 1030(a)(2)(C) for violation of website or platform terms of service." Pursuant to the Instructions attached to Plaintiffs' Interrogatories, "[t]he relevant time period for these Interrogatories . . . is from June 29, 2015 (one year before the commencement of this action) to the present."

5.  As explained in my prior affidavit and deposition testimony, since September 11, 2014, the Attorney General has directed DOJ attorneys to consult with CCIPS before a federal criminal violation of the CFAA is charged. Accordingly, for the timeframe relevant to Plaintiffs' Interrogatory No. 4—*i.e.*, after June 29, 2015—CCIPS' record of charges brought under 18 U.S.C. § 1030(a)(2)(C) is reasonably comprehensive.

6.  As explained during my deposition, I cannot say that CCIPS' records are fully comprehensive as to past CFAA prosecutions, because I am aware of situations where consultations did not occur prior to charges being filed, and there may be other situations I am not yet aware of. Nonetheless, I believe that these situations are rare.

7.  In addition, independent of CCIPS' consultations and the Attorney General's policy, a separate component of DOJ—the Executive Office for United States Attorneys (EOUSA)—also maintains data regarding prosecutions brought under the CFAA. After discussions with representatives of EOUSA, my understanding is that an important role of EOUSA is to maintain a centralized computer database, which contains information on the criminal and civil matters, cases and appeals handled by the United States Attorneys' offices across the

country. EOUSA regularly utilizes the statistics produced by this central system for a variety of official purposes in support of the prosecution and litigation efforts of the United States Attorneys' Offices. In EOUSA's continuing effort to maintain accurate and reliable caseload data, EOUSA requires all districts to prepare semi-annual certifications indicating that the information contained in the local databases has been reviewed and accurately reflects the status of pending matters, cases and appeals.

8. When responding to Plaintiffs' Interrogatory No. 4, given the possibility that CCIPS' records might not be fully comprehensive, out of an abundance of caution DOJ reviewed both CCIPS' records *and* EOUSA's data regarding past charges. Accordingly, Defendant's response to the Interrogatory (after lodging various objections) was as follows: "CCIPS has reviewed its records as well as data from the Executive Office for United States Attorneys (EOUSA) regarding charges filed pursuant to 18 U.S.C. § 1030(a)(2)(C). Based on that review, Defendant has not identified any responsive indictments."

9. As explained at my deposition, although Plaintiffs' Interrogatory No. 4 was expressly limited only to indictments (and not other charging instruments such as an information or complaint), DOJ's review of CCIPS' records and EOUSA's data included all CFAA charges regardless of the manner in which the charges were brought. Thus, DOJ's review included cases that were resolved by plea agreement.

10. Because DOJ conducted its review using both CCIPS' records and EOUSA's data, DOJ believes that it has reviewed the most comprehensive records with respect to past charges under 18 U.S.C. § 1030(a)(2)(C) during the relevant time period (*i.e.*, since June 29, 2015). Accordingly, based on that review, DOJ has determined that no charges have been filed since June 29, 2015, under 18 U.S.C. § 1030(a)(2)(C)—whether by indictment, information, or

complaint—in which the element of "access[ing] a computer without authorization or exceed[ing] authorized access" was satisfied, in whole or in part, based on violation of a website's or platform's Terms of Service. That review and determination also mean that, since at least June 29, 2015, the Access Provision has not been used to obtain plea agreements based on website or platform Terms of Service violations (harmless or otherwise).

I declare under penalty of perjury that the foregoing is true and correct. Executed on April __15th__, 2019, in Washington D.C.

_____
John T. Lynch, Jr.

-4-