# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN SANDVIG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, in his official capacity as Attorney General of the United States, <br><br> Defendant. | Case No. 1:16-cv-1368 (JDB) |

## NOTICE

Defendant hereby notifies the Court and Plaintiffs of a recent indictment that includes a charge under 18 U.S.C. § 1030(a)(2)(C). Although Defendant does not believe that the indictment, which is factually distinct from the present context, is material to the issues that are fully briefed before this Court, Defendant nevertheless submits this Notice out of abundance of caution and in the interests of transparency.

1.   On August 8, 2019, the United States Attorney's Office for the Eastern District of New York obtained an indictment against Tawanna Hilliard and Tyquan Hilliard, which included a charge against Tawanna Hilliard under 18 U.S.C. § 1030(a)(2)(C). *See United States v. Hilliard*, No. 19-cr-358 (E.D.N.Y.), Indictment (ECF No. 1) ¶ 1. Specifically, Ms. Hilliard was charged under § 1030(a)(2)(C) with "knowingly and intentionally access[ing] a computer without authorization and exceed[ing] authorized access to a computer, and thereby obtain[ing] information . . . from a protected computer, to wit: a database maintained by RELX Group[.]" *Id.*

2.   During the parties' discovery in this case, Plaintiffs inquired about past indictments involving charges under 18 U.S.C. § 1030(a)(2)(C) "for violation of website or platform terms of

service." Pls.' Interrog No. 4 (ECF No. 53-7) at 6.  In response, Defendant explained that it construed the phrase "violation of website or platform terms of service" as "referring to violations of the Terms of Service of publicly available websites or platforms, and not, for example, to violations of employer policies governing access to internal company databases or information." *Id.* at 6-7.  Similarly, in arguing that Plaintiffs lack standing because they have not established a credible threat of prosecution, Defendant argued, *inter alia*, that Plaintiffs had not identified "any charges brought under 18 U.S.C. § 1030(a)(2)(C), since June 29, 2015, in which the theory of 'access[ing] a computer without authorization or exceed[ing] authorized access' was based, in whole or in part, on violation of a publicly available website or platform's Terms of Service." Def.'s Stmt. of Material Facts (ECF No. 50-2) ¶ 28.

3. Defendant does not believe that the *Hilliard* indictment alters any of Defendant's prior discovery responses or arguments, nor is the indictment relevant to any of the issues addressed in the parties' cross-motions for summary judgment.  Undersigned counsel's understanding of the § 1030(a)(2)(C) charge in the *Hilliard* indictment is that, although Ms. Hilliard's actions may have violated the RELX Group database's terms of service, her actions were more akin to an "insider" accessing information in violation of employer policies:  she was employed at DOJ at the time; she accessed the RELX Group database from her DOJ computer in violation of DOJ policies; and she did so using her DOJ account for the RELX Group database. *See, e.g.*,. Letter from Assistant United States Attorneys to The Hon. Steven M. Gold, *United States v. Hilliard*, No. 19-cr-358, ECF No. 9 at 1-2 (E.D.N.Y. Aug. 13, 2019) (discussing how Ms. Hilliard is a DOJ employee who "used her DOJ-issued equipment to conduct computer searches to determine whether certain individuals were cooperating with law enforcement," including by "logg[ing] into her DOJ Lexis/Nexis account from an official DOJ IP address" and submitting

"unauthorized queries of protected systems from DOJ computer systems"). Furthermore, the RELX Group database is fundamentally dissimilar from the employment websites that Plaintiffs seek to access in this case, because undersigned counsel's understanding is that the RELX Group database is not made freely available to the public. Accordingly, Defendant believes that the *Hilliard* matter is irrelevant to Plaintiffs' claims in this case, which do not involve "insiders" violating internal company or employer policies, and instead involve members of the public accessing employment-related websites and platforms that are freely available to all.

4. The *Hilliard* matter is at a relatively early stage, and therefore the prosecution team has not disclosed the legal theory it intends to pursue at trial. Thus, it is uncertain what role, if any, the terms of service set by the RELX Group database might play in any ultimate trial. Regardless, for the reasons discussed above, Defendant believes that the *Hilliard* matter remains irrelevant and does not require any modifications to Defendant's prior discovery responses or arguments in this case. Out of an abundance of caution, however, Defendant respectfully submits this notice to ensure that Plaintiffs and the Court are apprised of this matter.

Dated: October 9, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ERIC R. WOMACK
Assistant Branch Director

*/s/ Daniel Schwei*
DANIEL SCHWEI (N.Y. Bar)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12024
Washington, DC 20530
Tel.:      (202) 305-8693

-4-

    Fax:     (202) 616-8460
    E-mail:  daniel.s.schwei@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address:</u>
1100 L Street NW, Room 12024
Washington, D.C. 20005

*Counsel for Defendant*